SRP:am

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6326** **CR-FERGUSON**

18 USC 1001  MAGISTRATE JUDGE
18 USC 1542  SNOW
18 USC 1621

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAULETTE ALLEN,

    Defendant.
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about April 10, 1996, at Broward County, in the Southern District of Florida, the defendant,

### PAULETTE ALLEN,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the United States Government, in that the defendant stated on an application for a social security card from the Social Security Administration that her place of birth was Fort Meyers, Florida, and that she was a U.S. citizen, when in truth and in fact, as the defendant then and there well knew, she was not born in Fort



Meyers, Florida, and she was not a U.S. citizen; in violation of Title 18, United States Code, Section 1001.

## COUNT II

On or about December 2, 1996, at Broward County, in the Southern District of Florida, the defendant,

### PAULETTE ALLEN,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the United States Government, in that the defendant stated on an application for a social security card from the Social Security Administration that her place of birth was Fort Meyers, Florida, and that she was a U.S. citizen, when in truth and in fact, as the defendant then and there well knew, she was not born in Fort Meyers, Florida, and she was not a U.S. citizen; in violation of Title 18, United States Code, Section 1001.

## COUNT III

On or about June 14, 2000, at Broward County, in the Southern District of Florida, the defendant,

### PAULETTE ALLEN,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the United States Government, in that the defendant stated on an application for a social security card from the Social Security Administration that her place of birth was Fort Meyers, Florida, and that she was a U.S. citizen, when in truth and in fact, as the defendant then and there well knew, she was not born in Fort

2

Meyers, Florida, and she was not a U.S. citizen; in violation of Title 18, United States Code, Section 1001.

## COUNT IV

On or about June 22, 2000, at Broward County, in the Southern District of Florida, the defendant,

### PAULETTE ALLEN,

did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for her own use, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that the defendant stated in said application that she was born in Florida and was a citizen of the United States, when in truth and in fact, and as the defendant then and there well knew, she was not born in Florida and was not a citizen of the United States; in violation of Title 18, United States Code, Section 1542.

## COUNT V

On or about June 22, 2000, at Broward County, in the Southern District of Florida, the defendant,

### PAULETTE ALLEN,

having duly taken an oath, before a competent passport agent of the Department of State, duly authorized and empowered by the Secretary of State to administer oaths under the provisions of Title 22, United States Code, Section 213, to verify the truth of recitals in applications for passports, that the written declarations she had made on her application for a United States passport were true, did willfully and knowingly and contrary to said oath state material matters which she then and there did

3

not believe to be true, in that she stated under oath as aforesaid that she was born in Florida and was a citizen of the United States, when in truth and in fact and as the defendant then and there well knew, she was not born in Florida and was not a citizen of the United States; in violation of Title 18, United States Code, Section 1621.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

STEVEN R. PETRI
ASSISTANT UNITED STATES ATTORNEY

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| PAULETTE ALLEN | Superseding Case Information: |

**Court Division:** (Select One)

\_\_ Miami   \_\_ Key West
_X_ FTL   \_\_ WPB   \_\_ FTP

New Defendant(s)       Yes \_\_   No \_\_
Number of New Defendants   \_\_
Total number of counts       \_\_

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:       (Yes or No) __NO__
   List language and/or dialect _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days     _X_         Petty      ___
   II   6 to 10 days    ___         Minor      ___
   III  11 to 20 days   ___         Misdem.    ___
   IV   21 to 60 days   ___         Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __NO__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No   If yes, was it pending in the Central Region? __ Yes __ No

8. Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

*Steven R. Petri*

STEVEN R. PETRI
ASSISTANT UNITED STATES ATTORNEY
Court I.D. No. A5500048

*Penalty Sheet(s) attached                                      REV.6/27/00

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __PAULETTE ALLEN_____ No. _____

Counts #: I-3   18:1001 False Statement To Federal Agency _____

*Max. Penalty: Five (5) years' imprisonment and $250,000 fine_____

Count #: 4   18:1542 False Statement in Application for U.S. Passport_____

*Max. Penalty: Ten (10) years' imprisonment and $250,000 fine_____

Count #: 5   18:1621 Perjury_____

Max. Penalty: Five (5) years' imprisonment and $250,000 fine_____

Count#: _____

Max. Penalty: _____

Count#: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____


*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96